UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    <u>For Online Publication Only</u>
-------------------------------------------------------------------X
IN RE NANCY LEE,

                                Petitioner.                  <u>**MEMORANDUM & ORDER**</u>
                                                             25-mc-00912 (JMA)            **FILED
                                                                                          CLERK**

                                                                          **9/24/2025 10:49 am**
-------------------------------------------------------------------X
**AZRACK, United States District Judge:**                    **U.S. DISTRICT COURT
                                                             EASTERN DISTRICT OF NEW YORK
                                                             LONG ISLAND OFFICE**

Petitioner Nancy Lee seeks to amend the date of birth set forth on her Certificate of

Naturalization from March 27, 1944 to March 27, 1946.[1]  (<u>See</u> ECF No. 1 at 1.)  The Court ordered

the Government to respond to this petition, and a response was filed by the United States

Citizenship and Immigration Services ("USCIS") on June 17, 2025.  (<u>See</u> ECF No. 7.)  For the

reasons that follow, Petitioner's motion to amend her naturalization certification is granted.

"Until 1991, courts had [e]xclusive jurisdiction to naturalize persons as citizens of the

United States pursuant to 8 U.S.C. § 1421(a)."  <u>Jahan v. Houghton</u>, 578 F. Supp. 3d 362, 367

(E.D.N.Y. 2022) (cleaned up).  Courts also had authority to "correct, reopen, alter, modify, or

vacate [a] judgment or decree naturalizing such person."  <u>Id.</u> (cleaned up).  Although the

Immigration Act of 1990 transferred such authority to the Executive Branch, Petitioner was

naturalized before the New York Supreme Court at Riverhead in 1981.  (ECF No. 1, Ex. B.)  As a

result, the Court retains the authority to grant the relief requested by Petitioner.  <u>See, e.g.,</u> <u>Collins</u>

<u>v. USCIS</u>, 820 F.3d 1096, 1099 (9th Cir. 2016) (holding that courts retain jurisdiction to correct

naturalization certificates issued by the court prior to the enactment of the Immigration Act of

1990); <u>Lai Dinh v. USCIS</u>, No. 19-CV-01455, 2021 WL 516803, at *2 (E.D. Cal. Feb. 11, 2021)

("Petitioner's Petition is properly before this Court because the Eastern District of California

---

[1] The Court presumes familiarity with the procedural posture and factual background of this matter and the predecessor action filed by Petitioner, <u>Nancy Lee v. USCIS</u>, Civil Action No. 24-cv-6401 (Block, J.).

originally issued Petitioner's naturalization certificate prior to the enactment of the Immigration Act of 1990."); Sea v. USCIS, No. 15-CV-138, 2015 WL 5092509, at *2 (D. Minn. Aug. 28, 2015) ("[S]ince [the petitioner's] naturalization certificate was issued prior to October 1991, this court has jurisdiction to amend the certificate."); Ampadu v. USCIS, 944 F. Supp. 2d 648, 653 (C.D. Ill. 2013) ("Several courts . . . have concluded that they have jurisdiction to amend naturalization orders issued by the courts before the Immigration Act of 1990 became effective.").

Petitioner was born on March 27, 1946 in Chongqing, China during the Second Kuomintang-Communist Civil War.  (See ECF No. 1 at 2.)  Due to the chaos from the war, Petitioner was never issued a birth certificate, and her birth was incorrectly recorded as March 27, 1944.  (Id.)  Petitioner's parents subsequently applied for a visa to immigrate to the United States and were forced to use the incorrect date of birth on their application.  (Id.)  Petitioner became a naturalized United States citizen on July 10, 1981 before the Supreme Court of Suffolk County in Riverhead, NY.  (Id.)  Since entering the United States, Petitioner has attempted to use her correct date of birth whenever possible.  Petitioner's New York and New Jersey drivers' licenses both bear her correct date of birth.  (Id. at 2-3.)  Petitioner's records with the Social Security Administration and United States passport use her correct date of birth.  (Id. at 3.)  Petitioner's school records and marriage license contain her correct date of birth.  (Id.)  Furthermore, Petitioner's date of birth has since been corrected in the governmental records in China, as is shown in her Chinese Visa, the Notarial Certificate issued by the PRC Shanghai Notary Public Office dated 11/22/2004, and in the PRC Alien Employment Permit dated 1/26/2006.  (See ECF No. 1, Ex. C; Lee Decl. ¶ 11.)

Along with her Petition, Petitioner submitted a sworn declaration attesting to these facts and noting that she has not received any immigration benefits or any government benefits from her incorrect date of birth and that she will not receive any benefits from changing her date of birth

on her certificate of naturalization other than "to have consistency in [her] records."  (ECF No. 1, Lee Decl. ¶ 21.)

Turning to the merits, most courts "have allowed amendment where the petitioner has presented clear evidence of her true date of birth and there are no concerns that petitioner acted fraudulently in representing her date of birth in her naturalization petition."  Bazouzi v. Johnson, No. 14-MC-80261, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015) (collecting cases).  The record includes evidence of Petitioner's true date of birth.  Specifically, Petitioner's date of birth has been corrected in the governmental records in China as is shown in her Chinese Visa, Notarial Certificate issued by the PRC Shanghai Notary Public Office dated November 22, 2004, and in the PRC Alien Employment Permit dated January 26, 2006.  (See ECF No. 1, Ex. C; Lee Decl. ¶ 11.) Moreover, based on the record, the Court has no concerns that Petitioner acted fraudulently in representing her date of birth during the naturalization process. To the contrary, it appears that the inaccuracy on Petitioner's naturalization certificate arose from the confusion and disruption caused by a war in Petitioner's home country during her birth which caused her date of birth to be recorded incorrectly in Chinese government records.  Finally, while noting its concerns, the Government's response does not object to granting the relief requested by Petitioner.  (See ECF No. 7.)

Accordingly, Petitioner's motion is granted. USCIS is hereby ordered to correct Petitioner's naturalization certificate to reflect a birth date of March 27, 1946.  Petitioner shall file a fee-paid Form N-565, Application for Replacement Naturalization/Citizenship Document with USCIS, in accordance with its instructions, along with a copy of this Court's order effecting the change.  The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:    September 24, 2025
           Central Islip, New York

                                        _____
                                        /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE